UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

ROBERT FRAZIER VEREEN,
Petitioner

vs.

UNITED STATES OF AMERICA,
Respondent.

CASE NUMBER: 98-CR-298-01-MU
(SENTENCING HEARING REQUESTED)

MOTION FOR MODIFICATION OF SENTENCE BY A PERSON
IN FEDERAL CUSTODY PURSUANT TO TITLE 18 U.S.C.
§3582(c)(2)

COMES NOW the petitioner, ROBERT FRAZIER VEREEN, proceeding pro'se and being unschooled in the law, without the benefit of competent assistance of counsel, petitions this Honorable Court to take Notice of the enunciation of principles as stated in [HAINES v. Kerner, 404 U.S. 519,] wherein that court has directed that those who are unschooled in law making "complaints" shall have the court look to the substance of the "complaints" rather than the form. Petitioner, pursuant to Title 18 U.S.C. § 3582(c)(2), petitions this Honorable Court for relief and states the following:

1. The petitioner is currently confined at FCC Yazoo City Low.

2. The petitioner was convicted on the 31st day of March 1999, for the following offenses:
   (1) Conspiracy to Possess with Intent to Distribute Cocaine, Cocaine Base and Marijuana in violation of §841(a) and §846.
   (2)
   (3)
   (4)

3. The petitioner was sentenced to a term of 292 months of imprisonment and a term of 60 months of supervised release on the 27th day of October 1999.

4. At the time of petitioner's sentencing this Court established petitioner's base offense level as 40, based upon the PSI Report and the United States Sentencing Guidelines in force at the date

of sentencing.

5. The aforesaid base offense level reflects a (X) downward ( ) upward departure adjustment of __3__ level(s) for the following:
   (1) **Acceptance of Responsibility**

   (2)

   (3)

6. Title 18 U.S.C. §3582(c)(2) "Modification of an imposed term of imprisonment" reads as follow:
   (c) The court may not modify a term of imprisonment once it has been imposed except that –
      (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(n), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a), if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

7. Title 18 U.S.C. §3553(a) "Factors to be considered in imposing a sentence" reads as follows:
   The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court in determining the particular sentence to be imposed, shall consider –
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
   (3) the kinds of sentences available;
   (4) the kinds of sentence and the sentencing range established for –
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of Title 28 United States Code, and that are in effect on the date the defendant is sentenced; or
    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of Title 28 United States Code;
   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) that is in effect on the date the defendant is sentenced;
   (6) the need to avoid unwarranted sentence disparities among defendant's with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

8. Effective **November 1, 2007,** the United States Sentencing Commission amended the guidelines to modify the drug quantity threshold in Section 2D1.1 so that crack cocaine quantities triggering the five- and ten-year mandatory minimums are assigned base offense levels two-levels lower than before. The base offense levels for these quantities now correspond to guideline ranges that include (rather than exceed) the mandatory minimum. The Commission similarly adjusted the drug threshold quantities above, between, and below the mandatory minimum thresholds, with the net result being that for crack cocaine offenses, base offense levels across the board are two levels lower than they would have been before the amendment. See 72 Fed. Reg. 28, 558, 28, 571-73; U.S.S.G.App. C, Supp.Amend. 706; U.S.S.G. §2D1.1 (2007).

9. 1B1.10 of the Federal Sentencing Guidelines Manual, **Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)** reads as follows:
   (a) Where a defendant is serving a term of imprisonment, and the guidline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in subsection (c), a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. §3582(c)(2).

   (b) In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. §3582(c)(2), the court should consider the sentence that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced.

On December 10, 2007, the United States Supreme Court held that the cocaine Guidelines, like all other Guidelines, are advisory only, and that the Court of Appeals erred in holding the crack/powder cocaine disparity effectively mandatory. A district judge must include the Guidelines range in the array of factors warranting consideration. The judge may determine, however, that, in the particular case, a within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing. 18 U.S.C. §3553(a). In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses.

Based on this decision, the district court must treat the Guidelines as the "starting point and the initial benchmark," because the Sentencing Commission has the capacity courts lack to "base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." The Commission's recommendation of a sentencing range will "reflect a rough approximation

of sentences that might achieve §3553(a)'s objectives." On the other hand, the sentencing judge has "great familiarity with the individual case and the individual petitioner than the Commission. This Honorable Court is therefore, "in a superior position to find facts and judge their import under §3553(a)" in this particular case.

Justice Ginsburg's opinion for the Supreme Court Majority provided tremendous and concise support for the Sentencing Commission to order the November 1, 2007, crack cocaine amendments be made retroactive in light of the history of the 100 to 1 ratio, a mandatory sentencing enhancement ratio based on conjecture, assumption and hysteria surrounding the explosion of crack in the 1980's. The Commission has reported that the crack/powder cocaine disparity produces disproportionately harsh sanctions, i.e., sentences for crack cocaine offenses "greater than necessary" in light of the purposes of sentencing set forth in §3553(a). Congress established the Sentencing Commission to formulate and constantly refine national sentencing standards. The Sentencing Commission has, on numerous occassions since the enactment of the 100 to 1 ratio called for Congress to change this arbitrary law.

On December 11, 2007, the United States Sentencing Commission unanimously voted to make the new crack cocaine amendments retroactive, adjusting the offense levels for crack cocaine offenses downward by two-levels.

**WHEREFORE,** the petitioner, whose Sentencing Guidelines were heretofore calculated by this Honorable Court to be **292-365** months imprisonment, and imposed a sentence of 292 months imprisonment, prays that this Honorable Court exercise its authority to conclude when considering a sentence reduction under §3582(c)(2), that the crack/powder disparity yields a sentence of **235-293** months imprisonment, a sentence "greater than necessary" to achieve §3553(a)'s purpose in this particular case and reduce petitioner's term of imprisonment to **151** months to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense.

Petitioner declares under penalty of perjury that the foregoing is true, correct, complete and accurate, not intending to mislead and executed in good faith.

Done This the 29th Day of Febuary, in the Year 2008.

## ATTACHED HOME PLAN

    Movant, Robert Vereen, provides his Release information to aid and assist the Court and the Probation department in verifying his family support in making an easy transition back into society.

    Please contact:   Robert Vereen Sr.
                           4600 Craigwood Drive
                           Charlotte, North Carolina 28215
                           phone # (704) 449-4678

    Please see attached **"ATTACHMENT PLAN"** for Movant's work plan upon release.

## "ATTACHMENT PLAN"

### Robert F. Vereen

**Greetings:**

Please find enclosed a copy of my personal planned program directed specifically to give back to society for my prior lack of concern for my community and its well being. For me personally, at an early age I became fascinated with the fast ways of living because I thought it was cool, but to my surprise I never imagined being part of a plague that would lead up to not only my demise, but a host of others who were just as lost as me. Now-a-days I've regained constructive control of my thoughts, habits, and the direction in which I want my life to flow in. I'm currently organizing a non-profit Corporation called "B.D.F.B.", which stads for **BROTHAS DON'T FORGET BROTHAS**.

My sole purpose for organizing this movement is to help deter the youth from traveling these not so promising and obsolete roads of failure. My plan is to set up various programs to help educate, motivate and uplift the youth. Quiet as kept, our youth are headed in a direction of straight turmoil because guys like myself who they looked up to lead them in the wrong direction because we substitute our morals and principles with all types of materialistic things, unhealthy thoughts and habits that trickled down before me and through me. Change in inevitable because it's the law of nature. I say that to say this, I know I can't re-direct the thought process and thinking patterns of every young boy/girl I encounter, but I'd rather die trying than to just sit back and allow the youth to follow my old ways of thinking in terms of success and money. I have plans to enroll in a Prisoner Reentry Program Pursuant to the Omnibus Crime Control and Safe Streets Act of 1968, which focuses on Positive Thought Building amongst inmates with a similar and strong desire to give back to their community by participating in Youth Development Programs designed to connect with the youth in our public schools and share my experiences with them. Hopefully my past experiences and future goals can help further decrease teen violence, drug and alcohol prevention, and to encourage our youth to reach for a better tomorrow.

In addition to my future goals, plans and aspirations, when considering a sentence reduction pursuant to Title 18 U.S.C.

§3582(c)(2), please take into consideration the United States Sentencing Commission 1995, 1997, and 2002 Report and Recommendation to Congress to change the 100 to 1 crack/powder ratio to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct, and the United States Supreme Court December 10, 2007, decision in KIMBROUGH vs. UNITED STATES, CASE No. 06-6330, where the High Court held "the 100 to 1 crack/powder cocaine ratio advisory only, and that the Court of Appeals erred in holding the crack/powder cocaine disparity effectively mandatory.

To comply with the purpose set forth in Title 18 U.S.C. 3553(a), during my incarceration I have taken it upon myself to better me and my situation in order to get in accord with society (Subsection (2)(D) in the most effective manner to protect the public from further crimes of the petitioner (Subsection (2)(C) and to afford adequate deterrence to criminal conduct. A sentence of 151 months imprisonment would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. This term of imprisonment would allow me an opportunity to complete the additional educational courses and program planning (B.D.F.B.) to further my plans and future goals for the benefit of my own welfare as well as the overral welfare of my community.

Thank you in advance for your time and consideration in this matter. Please support the Second Chance Act of 2007 and the Prisoner Reentry Program designed to re-direct the thinking patterns of all offenders and to help re-connect them with society for the purpose of reversing the gross and negative trends that have our prisons over crowded and our student graduation rates in the public schools at all time Low, and other issues of public concern.

Done this the _29th_ Day of _February_, 2008.

Respectfully Submitted,

Robert F. Vereen

## CERTIFICATE OF SERVICE

I, __Robert F. Vereen__, does herewith declare and affirm that a true and correct copy of the foregoing Motion For Modification of Sentence Pursuant to Title 18 U.S.C. §3582(c)(2) has been hand delivered to the Institution Mail Room Staff for depositing in the U.S. Postal Mail with adequate pre-paid postage on this the _29th_ Day of _February_, 2008.

/s/ _Robert Vereen_